In the Matter of PETER C. KELLY, an Attorney.

First Department, May 27, 1921.

Attorney and client — attorney suspended for one year for procuring excessive fees by false representations and for paying client sum of money to induce him to withdraw charges — obtaining fee, retention of which is contingent upon success — purpose of disciplinary proceedings — payment pending such proceedings does not condone offense.

Attorney at law suspended from practice for one year for securing an excessive fee from his client by means of false representations and for paying said client a sum of money to induce him to sign a paper withdrawing all claims and charges while an investigation was being made by the grievance committee.

It is misconduct for an attorney to obtain a fee, the retention of which is contingent upon success.

Disciplinary proceedings are not instituted for the purpose of recovering money claimed to be due to a client from an attorney and payment pending such proceedings does not condone the offense.

The purpose of such an investigation is to inquire into the character and conduct of the attorney to see whether or not it comports with the standard required of an honorable profession.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

Respondent in person.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law at a term of the Appellate Division, First Department, in February, 1903, and has since practiced in said department.

The petition charges the respondent with misconduct as an attorney at law in securing an excessive fee from his client upon false representations and with having, while the charges were under investigation by the grievance committee, paid said client a sum of money to induce him to sign a paper withdrawing all claims and charges made against the respondent. The specifications of the charge are as follows:

In July, 1918, Matthew Talmo (the son of Thomas Talmo) was arrested in the borough of The Bronx on the charge of assaulting a young woman with whom he was living and who was the mother of his infant child. Thomas Talmo, the father of Matthew Talmo, thereafter retained the respondent to look after his son's interests and paid him seventy-five dollars in full for his services to be rendered in the Magistrate's Court. Matthew Talmo was arraigned on July 26, 1918, in the Magistrate's Court, borough of The Bronx, and upon the request of the respondent, who then appeared as his attorney, the case was adjourned until July 29, 1918. On July 29, 1918, Talmo was again arraigned in the same court and the respondent, acting as his attorney, entered a plea of guilty in his behalf. It was then established that the prisoner had committed a particularly brutal assault upon the woman and the magistrate sentenced him to serve a term of six months on Blackwell's Island.

On July 31, 1918, the respondent obtained the further sum of $300 from Thomas Talmo upon the representation that he could secure his son's release from Blackwell's Island within five days and that he would return the said sum if he failed to procure the boy's release. Thomas Talmo cannot read the English language. The respondent gave him a receipt of which the following is a copy:

"NEW YORK, *July* 31st, 1918.

" This agreement made this day between Peter C. Kelly party of the first part and Thomas Talmo,

" *Witnesseth*, that the party of the first part does hereby agree to take on appeal the case of the People v. Mathew Talmo held in the City Magistrate's Court of the City of New York, on the 29th day of July, 1918, and to pay the disbursements incidental thereto and has received this day the sum of $300.00 in consideration therefor.

" PETER C. KELLY."

The defendant having entered a plea of guilty, the only question which could be raised upon the appeal was whether or not the sentence imposed by the magistrate was excessive. The services rendered by the respondent upon the appeal consisted in arguing the appeal and in interviewing the magis-

trate who had sentenced the defendant and writing one letter to him in which he requested permission to state to the appellate court that the magistrate had changed his mind and was now of the opinion that the defendant had been sufficiently punished and that the sentence should be modified accordingly. The respondent did not prepare or submit any memoranda or brief in support of his contention on appeal.

The charge of $300 for the services rendered or which could be rendered by the respondent in the matter of the Talmo appeal was excessive and the representations made by the respondent to Thomas Talmo in order to induce him to pay the $300 as aforesaid were false.

While the case was pending before the committee on grievances and after it had been adjourned upon respondent's request in order to give him the opportunity of producing certain additional witnesses in his behalf, the respondent arranged a settlement with Thomas Talmo and paid him the sum of $200. He also prepared and induced Talmo to sign a statement in writing of which the following is a copy:

" Received this day from Peter C. Kelly the sum of Two hundred dollars in full and satisfaction and accord re People vs. Matthew Talmo. In view of the fact that there has existed a difference of opinion between Thomas Talmo and Peter C. Kelly in reference to the above, and after frequent conversations had with the said Peter C. Kelly, does for the purpose of avoiding further annoyance herein and in order to buy peace this day pay to me the sum of Two hundred dollars ($200.). The appeal herein at the argument of which I was personal present on which the findings of the lower court were sustained was a disappointment. I hereby agree all claims had by me against Peter C. Kelly are fully liquidated and that further no misrepresentations have been made to me regarding the appeal herein and that I have not been deceived thereby.

" I further desire to state that I do not intend to further proceed with the matter now pending, and hereby withdraw all claims made and charges pending against the said Peter C. Kelly.                                     " TOM  TALMO "

The learned official referee has found among other things as follows:

" At the time that respondent charged and received the $300 from Thomas Talmo for taking the appeal, he knew that the defendant, having pleaded guilty, had no grounds in law or in fact on which to base his appeal.

" The respondent did not make clear to or sufficiently inform Thomas Talmo of the nature or scope of the appeal or the limits of the possible or probable results thereof.

" In view of the station in life of Thomas Talmo, of his limited knowledge of the English language, of his dependence upon the respondent as his legal adviser and of the respondent's knowledge that he had no legal ground for appeal, the sum of $300 was an excessive charge."

From a thorough examination of the testimony and exhibits we are satisfied that as an inducement for the payment of the $300 the respondent represented and agreed to secure a modification of the sentence and the release of the complainant's son from imprisonment within a few days and that if he did not succeed he would return the $300 asked for and received as a fee for such services to be rendered. He did not succeed and refused to pay back the said sum or any part thereof after repeated demands until after proceedings had been instituted before the grievance committee of the Bar Association and hearings had been had, when he settled with his client by the payment of $200, as he himself said, for the purpose of buying his peace and taking from him a receipt which expressly recited that it was " for the purpose of avoiding further annoyance herein and in order to buy peace." And he also included in said receipt which he procured the complainant to sign: " I hereby agree all claims had by me against Peter C. Kelly are fully liquidated and that further no misrepresentations have been made to me regarding the appeal herein and that I have not been deceived thereby.

" I further desire to state that I do not intend to further proceed with the matter now pending, and hereby withdraw all claims made and charges pending against the said Peter C. Kelly."

The payment of said money and the procuring of the complainant to sign such a receipt, while the investigation as to

his conduct was proceeding, was highly reprehensible. Notwithstanding the giving of said receipt the complainant under subpœna testified before the official referee clearly and distinctly as to the facts, including the promise and was unshaken upon cross-examination. On the other hand, the respondent's testimony was not convincing and his statements made upon the preliminary examination before the grievance committee were quite at variance with those before the referee, and his principal witness not only failed to support him but flatly contradicted him as to matters in regard to which the respondent had testified.

Assuming that no promise to return the fee paid in case of failure was made, we agree with the learned official referee that the charge was excessive for the work done. But we go further and are of the opinion that the record establishes misconduct in the particulars referred to, namely, the obtaining of a fee, the retention of which was contingent upon success, the material differences in testimony given before the grievance committee and at the hearing, the settlement during the pendency of the proceedings and the obtaining of the receipt confessedly given for the purpose of buying his peace and presented in exoneration of the charge made.

We have frequently said that disciplinary proceedings are not instituted for the purpose of recovering money claimed to be due to a client from an attorney and that payment pending such proceedings does not condone the offense. The purpose of such investigation is to inquire into the character and conduct of an attorney to see whether or not it comports with the standard required of an honorable profession. We are satisfied that the respondent's conduct in the matter complained of has fallen short, and that discipline must be administered. He is, therefore, suspended from practice for one year.

LAUGHLIN, DOWLING, SMITH and GREENBAUM, JJ., concur.

Respondent suspended for one year. Settle order on notice.